Jasen, J.
(concurring). While I agree with the result reached by the majority, I do so for the reasons stated in the opinion at the Appellate Division.
By its decision today, this court has abolished an interpreta *859 tion given to section 2510 of the Education Law by the Commissioner of Education. On more than one occasion, the commissioner has stated that where a "teacher’s service in [a] new [tenure] area is terminated during [a] new probationary period, he is entitled to be placed on a preferred eligible list and to be reappointed on tenure in the area where he originally acquired tenure as soon as a vacancy occurs in that area.” (Matter of Fitzgibbons, 8 Ed Dept Rep 205, 208.) Such a practice sought to encourage qualified teachers to seek promotions without the fear of losing their tenure in their previous area should they fail to achieve permanent certification in their new positions for reasons unrelated to their ability to teach. The majority does away with this commendable practice which previously had been sanctioned by the Commissioner of Education without even affording the commissioner an opportunity to be heard.
Moreover, I cannot agree with the majority that where, as here, a teacher takes a sabbatical leave for one year, a "vacancy” is not created within the coverage of subdivision 3 of section 2510 of the Education Law. While no definition of the term "vacancy” is specifically provided by statute, I believe the majority overly restricts the definition of the term by excluding openings in regular substitute positions from the protection afforded by the Education Law. Section 2510 is designed to ensure that tenured teachers whose positions have been terminated will be reassigned to other positions for which they are qualified as vacancies occur.
In my view, the statute was intended to apply to temporary as well as permanent position vacancies. It does not distinguish between a temporary position vacancy created as a result of a sabbatical leave for a lengthy period of time and a permanent position vacancy brought about by death, resignation or removal. All that the statute requires is that a "vacancy” occur. Therefore, the duration of the vacancy is not in and of itself determinative of the applicability of section 2510.
This is not to say that a temporary indefinite absence of short duration — for example, a day or week due to illness or personal leave — should necessarily be considered a vacancy within the meaning of the statute. However, where, as here, an opening arises due to a prearranged sabbatical leave for a significant period of time, it should be considered a "vacancy” and should be filled by a tenured teacher pursuant to subdivision 3 of section 2510. To exclude reassignment to such a *860 person merely because an incumbent will at some fixed future time return to that position is, I believe, an unduly restrictive view, contrary to the spirit of the statute.